IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| TODRICK MORRIS, PRO SE, | § | |
| TDCJ-CID No. 854732, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:16-CV-0033 |
| | § | |
| JEFF HARVELL, | § | |
| MELISSA CORONADO, and | § | |
| JENNIFER SALDANA, | § | |
| | § | |
| Defendants. | § | |

**REPORT AND RECOMMENDATION**

Plaintiff TODRICK MORRIS, acting pro se and while a prisoner incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division, has filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-named defendants and has been granted permission to proceed in forma pauperis.

Plaintiff claims he has suffered deliberate indifference to his serious medical needs because of the defendants' failure to contact a physician, or an on-call physician to have plaintiff transported to a hospital for emergency treatment.

Plaintiff requests a monetary award of $50,000.00 in compensatory damages per defendant and $50,000.00 in punitive damages per defendant.

**JUDICIAL REVIEW**

When a prisoner seeks redress from a governmental entity or from an officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of

process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. 1915A. The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

The Magistrate Judge has reviewed plaintiff's pleadings and has viewed the facts alleged by plaintiff in his complaint to determine whether it should proceed to answer by defendants or be dismissed.

## THE LAW AND ANALYSIS

Plaintiff states a use of force was executed on him on January 25, 2015. Afterward, he was assessed cellside by defendants Nurse HARVELL and Nurse CORONADO to determine any need for medical treatment.

Plaintiff says he showed his hand to Nurse HARVELL and Nurse CORONADO and complained that it was broken and hurting. He says his right pinkie finger was visibly displaced and injured, but that they refused to contact the on-call physician and, instead, called Nurse SALDANA, who made the decision that plaintiff did not need medical care.

Plaintiff says this violated the medical policies and procedures established for such a situation and that HARVELL and CORONADO should, instead, have contacted a physician.

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see, Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[2] *Cf, Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

Further, he contends defendant SALDANA made a medical decision she was not qualified to make: whether or not plaintiff needed medical treatment or emergency medical treatment.

Plaintiff says on January 26, 2015, the day after the incident, he was escorted to the unit infirmary where he was examined by Physician's Assistant Darren Mayer, who opined that plaintiff had a serious injury to his right pinkie finger and stated plaintiff should have been sent by defendants to the local hospital for treatment directly following the use of force.

Mayer, P.A., ordered x-rays, which were performed the following day, on January 27, 2015. The x-rays revealed the finger was dislocated or broken. Plaintiff says Mayer reset the finger and placed it in a splint that same day, January 27, 2015.

Plaintiff says he now suffers permanent deformities to his right pinkie finger and experiences numbness, pain, and decreased range of motion.

"[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' . . . proscribed by the Eighth Amendment." Such indifference may be "manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976). Deliberate indifference is defined as a failure to act where prison officials have knowledge of a substantial risk of serious harm to inmate health or safety. *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970, 1981, 128 L.Ed.2d 811 (1994). However, not every claim of inadequate or improper medical treatment is a violation of the Constitution, *Estelle v. Gamble*, 429 U.S. 97, 105, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976); nor does a disagreement with a doctor over the method and result of medical treatment require a finding of deliberate indifference. *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985). Merely alleging that a prison

doctor should have undertaken additional diagnostic measures or utilized an alternative method of treatment does not elevate a claim to constitutional dimension. *Varnado v. Collins*, 920 F.2d 320, 321 (5th Cir. 1991). "[N]egligent medical care does not constitute a valid section 1983 claim." *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993). Further, medical records showing sick calls, examinations, diagnoses, and medications may rebut an inmate's allegations of deliberate indifference. *Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995).

   The facts presented by plaintiff in his complaint do not show defendants CORONADO and/or HARVELL had knowledge of a substantial risk of serious harm to plaintiff's health or safety and ignored such risk. *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970, 1981, 128 L.Ed.2d 811 (1994). Instead, plaintiff's allegations only show plaintiff disagrees with their decision to contact Nurse SALDANA and follow her recommendation. As to his claim against Nurse SALDANA, plaintiff's allegations show he disagrees with her assessment that no treatment or no emergency treatment was needed, but do not show she knew facts showing this assessment presented a substantial risk of serious harm to plaintiff's health, drew the necessary inference of such risk, and ignored it. Plaintiff's disagreement with the defendants does not elevate his claim to constitutional dimension. *Varnado v. Collins*, 920 F.2d 320, 321 (5th Cir. 1991). At most, plaintiff has alleged medical negligence by these defendants, if even that. Negligent or erroneous medical treatment or judgment does not provide a basis for a section 1983 claim. *Graves v. Hampton,* 1 F.3d 315, 319 (5th Cir.1993). As long as medical personnel exercise professional medical judgment, their behavior will not violate a prisoner's constitutional rights. *See Youngberg v. Romeo,* 457 U.S. 307, 322-23, 102 S.Ct. 2452, 2461-62, 73 L.Ed.2d 28 (1982). A disagreement over the appropriate medical treatment constitutes, at most, a possible claim of medical malpractice appropriately addressed under state law. *Estelle v. Gamble,* 429 U.S. 97, 107-08, 97

S.Ct. 285, 293, 50 L.Ed.2d 251 (1976); *Varnado v. Lynaugh,* 920 F.2d 320, 321 (5th Cir.1991). Plaintiff has failed to state a claim of deliberate indifference to his serious medical needs.

## CONCLUSION

For the reasons set forth above and pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(c), it is the RECOMMENDATION of the Magistrate Judge to the United States District Judge that the Civil Rights Complaint filed pursuant to Title 42, United States Code, section 1983, by plaintiff TODRICK MORRIS be DISMISSED WITHOUT PREJUDICE FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED.

Plaintiff may utilize the period for filing objections in which to amend his pleadings to cure his deficient claim(s) or he may file objections to the Report and Recommendation.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 2nd day of March, 2016.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## \* <u>NOTICE OF RIGHT TO OBJECT</u> \*

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).